IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

AGWAY, INC. EMPLOYEES' 401(k) THRIFT
INVESTMENT PLAN, and STATE STREET
BANK & TRUST CO.,

                    Plaintiffs,

                                      Civ. Action No.
                                      5:03-CV-1060 (HGM/GJD)

        vs.

NELS G. MAGNUSON, *et al.*,

                    Defendants.

_____

APPEARANCES:                          OF COUNSEL:

<u>FOR PLAINTIFFS</u>

HANGLEY ARONCHICK LAW FIRM            PETER LEVAN, JR. , ESQ.
One Logan Square
27th Floor
Philadelphia, PA 19103-6933

BLITMAN, KING LAW FIRM                JULES L. SMITH, ESQ.
16 West Main Street
Suite 207, The Powers Building
Rochester, NY 14614

<u>FOR COMMITTEE DEFENDANTS</u>

SEYFARTH, SHAW LAW FIRM               MARK CASCIARI, ESQ,
55 East Monroe Street                 DEIDRE GROSSMAN, ESQ.
Suite 4200
Chicago, IL 60603

FOR DIRECTOR DEFENDANTS

PROSKAUER, ROSE LAW FIRM          EDWARD CERASIA, II, ESQ.
One Newark Center
Newark, NJ 07102

FOR DEFENDANT BOSTON SAFE
DEPOSIT & TRUST CO.

O'MELVENY & MYERS, LLP            ROBERT N. ECCLES, ESQ.
1625 Eye Street NW                GARY S. TELL, ESQ.
Washington, D.C.  20006-4001

SONNEBORN SPRING LAW OFFICE   JAMES L. SONNEBORN, ESQ.
241 W. Fayette St.
The Seneca Building
Syracuse, NY 13202

FOR DEFENDANT PWC

ORRICK, HERRINGTON LAW FIRM   JAMES J. CAPER, JR., ESQ.
666 FIFTH AVENUE
NEW YORK, NY 10103

HANCOCK & ESTABROOK, LLP          DANIEL B. BERMAN, ESQ.
1500 MONY TOWER I
SYRACUSE, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

        Mellon Trust of New England, N.A. ("Mellon Trust"), formerly known

and sued herein as Boston Safe Deposit & Trust Company, after entering

into a tentative settlement agreement with the plaintiffs in this action

brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., applied to this court for approval of its settlement.  In that application, Mellon Trust also sought the entry of an appropriate bar order protecting it against indemnity and contribution claims which the various non-settling defendants in this action could assert against it arising out of the events forming the basis for plaintiffs' claims.

In response to that request, on November 21, 2005 I issued a decision and order conditionally granting the request and approving the entry of a bar order.  After being notified that the one of the two alternative conditions for entry had been met, I signed the requested bar order, with some modifications, on December 13, 2005.  Various of the non-settling defendants now seek reconsideration of that earlier decision and order and the resulting bar order subsequently entered, asserting that it does not adequately protect them since, *inter alia*, it does not permit their assertion of claims for indemnity against Mellon Trust in the event of a suit filed by one or more plan participants.

I.      BACKGROUND

The relevant facts giving rise to plaintiffs' claims in this action, as spelled out in their complaint, were recited in my earlier decision and order

3

dated November 21, 2005, and will not be repeated except as necessary to provide context to analysis of the pending motion.  This action stems from the overvaluation and continued purchase of Agway, Inc. securities by plaintiff Agway, Inc. Employees' 401(k) Thrift Investment Plan (the "Agway Plan") at a time when plan fiduciaries had reason to know of the company's tenuous financial condition and the corresponding, inflated value attributed to its stock.  Included among the defendants named in the action, which was brought by the Agway Plan and State Street Bank & Trust Company, a Boston, Massachusetts banking institution which served as an independent fiduciary for the Plan, were Mellon Trust, as well as two groups of individuals referred to as the "Committee Defendants" and the "Director Defendants."[1]

In late 2005 a settlement agreement was reached between Mellon

---

[1]     The "Committee Defendants" category is actually comprised of two distinct groups, including various former members of Agway's Employee Benefit Plans Administration Committee, which was responsible for "carrying out all phases of the administration of the Plan, except those phases connected with the management of assets," *see* Amended Complaint (Dkt. No. 29) ¶ 9 & Exh. A § 15.01, and former members of Agway's Employee Benefit Plans Investment Committee, a body responsible for "the management of the assets of the Plan[.]"  *Id.* ¶ 10 & Exh. A § 15.02.  The "Director Defendants" were, at the time of filing, either former or, in some circumstances, then-current members of the Board of Directors of Agway.  *Id.* ¶ 11. According to plaintiffs' complaint, the Director Defendants were responsible for appointing members of the Administration and Investment Committees and monitoring their performances, as well as for appointing and evaluating the performance of the plan trustee.  *Id.* ¶ 11 & Exh. A §§ 14.01, 15.01-15.02.

4

Trust and the plaintiffs, under which the settling defendants agreed to pay

$3.5 million to the Agway Plan, in return for the exchange of mutual

releases.  As a material term of the settlement, Mellon Trust sought the

entry of a bar order which would insulate it principally from cross-claims

for indemnity or contribution asserted by the non-settling defendants

arising out of the action and the events from which it stems.  Mellon

Trust's application to the court for the entry of such a bar order, which was

opposed jointly by the Committee Defendants and the Director

Defendants, as well as separately by another defendant in the action,

PriceWaterhouseCoopers, LLP, resulted in my issuance of a decision and

order on November 21, 2005 approving of the entry of a bar order, subject

to Mellon Trust either securing approval of the settlement by the Secretary

of Labor and that agency's agreement that in any subsequent action

brought by the Department of Labor a judgment realized against the non-

settling defendants in this action would be reduced by the greater of $3.5

million or the monetary equivalent of the proportionate fault of Mellon

Trust, or, alternatively, Mellon Trust's agreement to limit the terms of the

bar order to indemnity or contribution claims asserted in the instant action.

After being notified subsequently by Mellon Trust of the Secretary of

Labor's agreement to be bound by the settlement and that any action

subsequently brought by it would be subject to reduction of any judgment achieved against a non-settling defendant in this case, as requested by the court, I authorized the entry on December 13, 2005 of a bar order precluding the maintenance of any claim for indemnity or contribution against Mellon Trust or its related parties arising from or relating to this action.

II.   PROCEDURAL HISTORY

On December 23, 2005 the Committee Defendants and the Director Defendants jointly filed a timely request for reconsideration of the court's earlier decision and resulting bar order, arguing that it was unduly broad and the court's bar order should have been limited to indemnity or contribution claims "where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs" and further that the order should specifically state that it does not preclude maintenance of any indemnity or contribution claim against Mellon Trust in the event of an action brought by one or more plan participants "whether or not such participant claim is found to be barred by *res judicata*."[2]  Cerasia Decl.

_____

[2]      The court's local rules required that the non-settling defendants' motion for reconsideration, which is dated December 23, 2005, be filed within ten calendar days following entry of the challenged order.  N.D.N.Y. L.R.7.1(g).  While the prescribed ten day period could have been measured from the issuance of my November 21, 2005 decision and order, I have treated the application as seeking

(Dkt. No. 129) Exh. A, ¶ 1.  That application is opposed by Mellon Trust,

both procedurally based upon that defendant's contention that the

requirements for seeking reconsideration have not been met, and on the

merits.

III.   DISCUSSION

     A.   Standard of Review

The non-settling defendants' motion implicates both Rule 60(b) of

the Federal Rules of Civil Procedure and Northern District of New York

Local Rule 7.1(g).[3]  In this district, reconsideration of an order entered by

_____

reconsideration of the bar order ultimately entered on December 13, 2005.

    [3]   Rule 60(b) directly addresses the standard to be applied when relief from
a final judgment or order is sought, and provides in relevant part that

> [o]n motion and upon such terms as are just, the court
> may relieve a party...from a final judgment, order, or
> proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have
> been discovered in time to move for a new trial under
> Rule 59(b); (3) fraud (whether heretofore dominated
> intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any
> other reason justifying relief from the operation of the
> judgment[.]

Fed. R. Civ. P. 60(b).  Local Rule 7.1(g), on the other hand, merely details a procedure
to govern motions for reconsideration, without setting out an applicable standard for
determining such applications.  N.D.N.Y.L.R. 7.1(g).

the court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. Partnership*, 182 B.R.1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (McCurn, S.J.) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.)). Applications for reconsideration are also subject to an overarching "clearly erroneous" gauge. *Sumner*, 103 F. Supp. 2d at 558.

The benchmark for seeking reconsideration of a court's order has been described as "demanding[.]" *Id.* A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "'intended to give an unhappy litigant one additional chance to sway the judge.'" *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, C.J.) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va. 1977)). To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir.

8

1995) (citations omitted).

B.   Application of Governing Standard

In their motion, the non-settling defendants argue that, while clearly

referencing the Second Circuit's controlling decision in *Gerber v. MTC*

*Electronic Technologies Co., LTD*, 329 F. 3d 297 (2d Cir.), *cert. denied*

*sub nom. Daiwa Securities America Inc. v. Kayne*, 540 U.S. 966, 124 S.

Ct. 432 (2003), the court's determination failed to heed its mandate that

the released contribution and indemnity claims be limited to those where

the underlying injury to a non-settling defendant is that party's liability for

injury to the plaintiffs in the action.  The non-settling defendants also

argue that the bar order should be circumscribed to permit a claim for

contribution or indemnity by a non-settling defendant against Mellon Trust

in the event that a plan participant brings suit "whether or not such

participant claim is found to be barred by *res judicata*."[4]  Cerasia Aff. (Dkt.

_____

[4]       In their proposed bar order, the non-settling defendants advocate for the
following revised language:

1)       Any Defendant in this Action (No. 5:03-CV-1060 (HGM/GJD))
other than Mellon Trust (hereafter a "Non-Settling Defendant") is hereby
permanently BARRED, ENJOINED and RESTRAINED from
commencing, prosecuting, or asserting any claim for indemnity or
contribution against any Mellon Trust Releasee (as defined below) where
the injury to the Non-Settling Defendant is the Non-Settling Defendant's
liability to the Plaintiffs, whether arising under state, federal or foreign law
as claims, cross-claims, counterclaims, or third-party claims in the Action,
in this court, in any federal or state court, or in any other court, arbitration

9

No. 129) Exh. A, ¶ 1.

Applying the foregoing standard, I find no basis to disturb the court's earlier ruling and bar order.  As the decision which served as a prelude to the entry of that bar order reflects, the issues now raised by the non-settling defendants in support of their motion were carefully considered by the court.  Cognizant of the Second Circuit's decision in *Gerber*, I nonetheless chose not to limit the indemnity and contribution claims subject to the bar order to those damages to the plaintiffs in this action, finding that such a bar order, as now proposed by the non-settling defendants, would not ensure the repose sought by the settling defendant when entering into an agreement with the plaintiffs.  The court has been convinced that the non-settling defendants are adequately protected in the face of any claims which might be asserted by the Secretary of Labor, based upon that agency's agreement to provide a credit against any

---

proceeding, administrative agency, or other forum in the United States, Canada or elsewhere (collectively, the "Barred Claims") provided that nothing in this Bar Order shall be construed as barring any Non-Settling Defendant from commencing, prosecuting or asserting any claim against any Mellon Trust Releasee where a claim is commenced against the Non-Settling Defendant by a participant of the Agway, Inc. Employees' 401(k) Thrift Investment Plan and State Street Bank & Trust, whether or not such participant claim is found to be barred by *res judicata.*

Cerasia Decl. (Dkt. No. 129) Exh. A, ¶ 1 (proposed added language underlined).

judgment realized against the non-settling defendants in accordance with

the settlement agreement in this case in the event suit is brought and a

judgment realized against the non-settling defendants.  The court has

considered the other possibility advanced by the objecting defendants, to

the effect that a plan participant or group of participants could potentially

bring an action for asset mismanagement or other fiduciary duty breach

against the non-settling defendants, as some courts have held, including

under sections 502(a)(2) or 502(a)(3) of ERISA.  *E.g.*, *In re Schering-*

*Plough Corp. ERISA Litig.*, 420 F.3d 231, 235 & n.7 (3d Cir. 2005);

*compare Fisher v. J.P. Morgan Chase & Co.*, 230 F.R.D. 370, 374-76

(S.D.N.Y. 2005).  It is conceivable that a potential cross-claim for

indemnity or contribution over against Mellon Trust would exist in such an

instance.  The non-settling defendants have not posited a set of

circumstances, however, under which the recovery in such a case would

not represent compensation for injury to the Agway Plan, a plaintiff in this

case, nor have they demonstrated how such a claim for recovery could

not be barred by *res judicata* based upon a final adjudication in this action.


    Despite the arguments now advanced by the non-settling

defendants, I remain convinced that regardless of these potential

11

eventualities, they are adequately protected by the bar order issued by the court insofar as liability for injury suffered by the Agway Plan and its participants is concerned.  The dictates of *Gerber* have thus been satisfied.

III.    SUMMARY AND CONCLUSION

In their reconsideration motion, the non-settling defendants have raised arguments that were previously advanced and considered by the court in crafting its decision and ensuing bar order.  Applying the standard applicable to requests for reconsideration, I am unable to conclude that a proper basis is now presented for revisiting that prior determination.

Based upon the foregoing, it is hereby

ORDERED, that the non-settling defendants' motion for reconsideration (Dkt. No. 129) of the court's prior decision and order and resulting bar order is DENIED in all respects.


David E. Peebles
U.S. Magistrate Judge


Dated:      February 22, 2006
            Syracuse, NY