IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

AGWAY, INC. EMPLOYEES' 401(k) THRIFT
INVESTMENT PLAN, and STATE STREET
BANK & TRUST CO.,

        Plaintiffs,

                              Civ. Action No.
                              5:03-CV-1060 (HGM/GJD)

  vs.

NELS G. MAGNUSON, *et al.*,

        Defendants.
_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

HANGLEY ARONCHICK LAW FIRM      PETER LEVAN, JR. , ESQ.
One Logan Square                        JOHN SUMMERS, ESQ.
27th Floor
Philadelphia, PA 19103-6933

BLITMAN, KING LAW FIRM             JULES L. SMITH, ESQ.
16 West Main Street
Suite 207, The Powers Building
Rochester, NY 14614

FOR COMMITTEE DEFENDANTS:

PROSKAUER, ROSE LAW FIRM        MYRON D. RUMELD, ESQ.
1585 Broadway
New York, NY 10036

| | |
|---|---|
| HISCOCK, BARCLAY LAW FIRM<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202-2078 | ROBERT A. BARRER, ESQ. |

FOR DIRECTOR DEFENDANTS:

| | |
|---|---|
| MORGAN, LEWIS LAW FIRM<br>77 West Wacker Drive<br>Chicago, IL 60601 | CHARLES C. JACKSON, ESQ.<br>CHRISTOPHER WEALS, ESQ.<br>CHRISTIE DEL REY-CONE<br>EDWARD CERASIA, II, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with this action is an application by the Director Defendants to compel discovery, brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. No. 190. In their motion, the Director Defendants seek an order compelling plaintiff Fiduciary Counselors, Inc. ("FCI") to produce documents responsive to certain production requests served pursuant to Rule 34 of the Federal Rules of Civil Procedure.[1] Plaintiff FCI opposes the Director Defendants' motion on a variety of grounds, urging that the requests do not seek relevant information, in certain circumstances seek information protected

---

[1] Unfortunately, while having general agreement and understanding regarding the points of contention, the parties have been unable to clearly agree upon and articulate the specific document requests at issue in connection with the Director Defendants' motion.

2

by a settlement privilege and/or Rule 408 of the Federal Rules of Evidence, and additionally seek documents shielded by a common interest privilege based upon an oral agreement, later reduced to writing, between FCI and the Department of Labor ("DOL"), as well as between FCI's predecessor, State Street Bank, and the DOL, under which they have agreed to cooperate in the pursuit of claims in this action against the various named defendants in this and the parallel DOL case.

Oral argument was conducted on January 16, 2008 in connection with the plaintiff's motion. Following oral argument I issued a bench decision granting the motion in large part and specifically rejecting FCI's contention that the documents in issue are shielded by a settlement privilege or by Rule 408 of the Federal Rules of Evidence for purposes of pretrial disclosure. Based upon the foregoing and the court's oral decision rendered on January 16, 2008, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1) The Director Defendants' motion for an order compelling discovery is hereby GRANTED, in part.

2) Within twenty days of the date of this order plaintiff FCI shall produce all non-privileged documents within its possession, custody or

control responsive to document request nos. 5, 6, 8, 9, 11, 12, 13 and 14 as set forth in the Director Defendants' first request for the production of documents dated June 15, 2007.

    3)    The documents required to be produced under this order shall be produced in a manner, and at a time and place, which is mutually agreed among counsel, subject to the outer limit set forth in this order unless otherwise agreed to by the parties.  This order shall not require the photocopying of any documents made available for inspection, and all reasonable expenses associated with photocopying, unless there is an agreement otherwise, shall be born by the party requesting such copies.

    4)    Nothing in this order shall be construed to require the production of documents shielded by the common interest privilege provided, however, that all such documents withheld under the terms of that privilege must be listed on an appropriate privilege index made available to all parties.

    5)    No costs or attorneys' fees are awarded in connection with this motion, the court finding that the grounds articulated for opposing the requested production were colorable and circumstances exist which would make an award of such expenses unjust.

Dated:      January 18, 2008
              Syracuse, NY

                                      David E. Peebles
                                      U.S. Magistrate Judge